```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

GERMAN HERNANDEZ-GONZALEZ,

                      Petitioner,

vs.                              Case No. 2:13-cv-190-FtM-29DNF

ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department Homeland Security, MARK MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director and STUART K. WHIDDON, Glades County Detention Field Office and Warden of Immigration Detention Facility,

                      Respondents.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Respondents' Motion to Dismiss (Doc. #8, Motion) and attached exhibits (Doc. #8-1, Exhs.).

Petitioner German Hernandez-Gonzalez initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2241 on March 11, 2013. Petitioner challenged his mandatory detention pursuant to 8 U.S.C. § 1226(c), arguing that he was not subject to this provision, and that he was entitled to an individualized bond hearing. Petition at 1, 8, 20. The Petition generally challenged Petitioner's length of confinement without an individualized bond hearing, or order of removal. See generally id.

In Response, Respondents filed a Motion to Dismiss asserting that the Petition is moot since Petitioner has been released under an order of supervision, and the removal proceedings against Petitioner have been terminated.  Response at 1 (citing Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)).  Respondents attach as an exhibit Petitioner's "order of release on recognizance" form.  Exh. 8-1.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'"  Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013).  This case or controversy requirement must be present through all stages of federal judicial proceedings.  Id.  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party."  Knox v. Serv. Emps., 567 U.S. ___, ___, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted).  Cases can be rendered moot due to a change in circumstances or a change in law.  Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004).  When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot.  Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004)(citing Al

Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See De La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). However, the circumstances before the Court do not fall within that exception. Two conditions must be met for the exception to apply: (1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and (2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again**." Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

Here, Petitioner's release renders the claims presently raised in the Petition moot. See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986)(affirming district court's dismissal of petition as moot when petitioner was released from custody). As it is undisputed that Petitioner has been released, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future. Thus, the narrow exception to the mootness doctrine is not applicable, and the Court finds

that the Petition is due to be dismissed as it has been rendered moot by Petitioner's release.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Respondents' Motion to Dismiss (Doc. #8) is **GRANTED** and the Petition is **dismissed without prejudice as moot**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   22nd   day of April, 2013.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

-4-